# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE LEIST,<br><br>　　　　Petitioner,<br><br>　v.<br><br>R. GROUNDS,<br><br>　　　　Respondent.<br>_____ / | 1:11-cv-00194-SMS (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 11] |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

## BACKGROUND

　　Petitioner pled nolo contendere to voluntary manslaughter with a firearm enhancement. On December 21, 2005, he was sentenced to a determinate state prison term of fifteen years. Petitioner did not appeal his sentence.

　　Petitioner subsequently filed three pro se state post-conviction collateral challenges. The first petition was filed on October 13, 2009, in the Kern County Superior Court. The petition was denied on December 23, 2009.

　　The second petition for writ of habeas corpus was filed on January 20, 2010, in the California Court of Appeal, Fifth Appellate District. The petition was denied on March 16, 2010.

///

The third petition for writ of habeas corpus was filed on March 30, 2010, in the California Supreme Court. The petition was denied on November 10, 2010.

The instant petition for writ of habeas corpus was filed on December 15, 2010.

On April 12, 2011, Respondent filed the instant motion to dismiss. Petitioner filed an opposition on May 2, 2011, and Respondent filed a reply on May 6, 2011.

## DISCUSSION

I.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

///

S.Ct. 586 (1997). The instant petition was filed on December 15, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on December 21, 2005, Petitioner was sentenced to state prison. Petitioner did not file a direct appeal. Consequently, Petitioner's conviction became final sixty days after he was sentenced when the time for filing a direct appeal expired, i.e. February 19, 2006. Cal. Rules of Court, rule 8.302(a) (notice of appeal must be filed within 60 days after the rendition of judgment); <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001) (where petitioner did not appeal her conviction to California Court of Appeal, conviction became final 60 days after she was sentenced). The one-year limitations period commenced running the following day–February 20, 2006. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was on February 19,

2007, absent any time for tolling.

III. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id</u>.

As just stated, the statute of limitations commenced running on February 20, 2006, and expired on February 19, 2007. Petitioner did not file any state collateral actions within the limitations period. Therefore, because the federal petition was not filed until December 15, 2010, well over three years after the limitations period expired on February 19, 2007, it is untimely under § 2244(d).

Petitioner's first state petition was not filed until October 13, 2009, over two years after the limitations period expired. Thus, the filing of Petitioner's first through third petitions filed after the expiration of the limitations period did not restart the clock at zero or otherwise save his claims from being time-barred. This is so because once the limitations period expires, any subsequent state petitions do not revive it. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner contends that he is entitled to a later start of the limitations period because the merits of his petition warrant review of the petition despite any untimeliness and his conviction

4

1  did

2  ///

3  not become final until 2007 three years after the decision in <u>Blakely v. Washington</u>, 542 U.S. 296
4  (2004).

5      The merits of the federal petition are not relevant to whether extraordinary circumstances
6  exist justifying the late filing of the habeas petition; a showing of extraordinary circumstances
7  related to filing of the petition itself is required.  <u>Helton v. Secretary for Dept. of Corrections</u>,
8  259 F.3d 1310, 1314-15 (11th Cir. 2001); <u>Escamilla v. Jungwirth</u>, 426 F.3d 868 (7th Cir.2005)
9  (Even "[p]risoners claiming to be  innocent . . . must meet the statutory requirement of timely
10 action.").

11     Contrary to Petitioner's claim, the <u>Blakely</u> decision has no affect on the finality of
12 Petitioner's conviction.  The finality of direct review is not dependent on when the United States
13 Supreme Court decides a different case.  <u>See</u> 28 U.S.C. § 2244(d)(1)(A).  As explained above,
14 Petitioner's direct review became final sixty days after he was sentenced when the time for filing
15 a direct appeal expired, i.e. February 19, 2006.  Cal. Rules of Court, rule 8.308(a) (notice of
16 appeal must be filed within 60 days after the rendition of judgment); <u>Lewis v. Mitchell</u>, 173
17 F.Supp.2d 1057, 1060 (C.D. Cal. 2001).  Therefore, Petitioner had until February 19, 2007, to
18 file his federal petition.

19     Petitioner contends that he is entitled to a later trigger date based on the Supreme Court's
20 decision in <u>Cunningham v. California</u>, 549 U.S. 270 (2007).  28 U.S.C. § 2244(d)(1)(C) allows
21 for commencement of the limitations period based on the date on which a constitutional right is
22 recognized and made retroactively applicable to cases on collateral review.  <u>Cunningham</u> did not
23 announce a new rule of constitutional law.  <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008).
24 In <u>Butler</u>, the Ninth Circuit found that the Cunningham decision merely applied the rule
25 announced in <u>Blakely</u>:

26     *Apprendi [v. New Jersey*, 530 U.S. 466 (2000)], *Blakely [v. Washington*,
    542 U.S. 296 (2004)], and [*United States v.] Booker* [, 543 U.S. 220 (2005)] made
27     "courts through the land" aware that sentencing schemes that raise the maximum
    possible term based on facts not found by a jury violate the constitutional rights of
28     defendants. [Citation omitted.] No principles of comity or federalism would be

5

served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. *Cunningham* thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

///

Butler, 528 F.3d at 639. Therefore, because Cunningham did not announce a new rule, Petitioner is not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(C).

Furthermore, Petitioner's reliance on In re Gomez, 45 Cal. 4th 650, in support of his argument is misplaced. In Gomez, the California Supreme Court also found that Cunningham did not announce a new constitutional right. In re Gomez, 45 Cal.4th 650, 656-657 (2009).

IV.  Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner has not presented nor has this Court found any basis to equitably toll the limitations period.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition is GRANTED;

2. The instant petition for writ of habeas corpus is DISMISSED with prejudice;

3. The Clerk of Court is directed to terminate this action; and

4. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack

1 v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find
2 that jurists of reason would not find it debatable whether the petition was properly
3 dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).  Petitioner
4 has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:    May 12, 2011**              /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE